| Case No. | 2:19-cv-07198-CJC (GJS) | Date | September 3, 2019 |
|---|---|---|---|
| Title | Paul Lehrman v. New York State | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| | E. Carson | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| | None present | None present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL

This 42 U.S.C. § 1983 action was initiated on August 19, 2019, when Plaintiff filed his Complaint [Dkt. 1] and paid the filing fee. The Complaint is very brief and names a single Defendant, "New York State." Plaintiff alleges that he was a resident of New York until late June or early July 2018. Beginning in August 2016, he became unable to store food in his apartment, because as soon as he brought food into the apartment, it spoiled. He was "unable to get any help with the problem" and had to eat all his meals on the sidewalk for over a year. (Complaint at 4, 6.) Plaintiff brings a single claim under Section 1983 labeled "The right to a habitable dwelling was unenforceable in New York State." (Complaint at 6.) The Complaint does not indicate any requested relief.

As a threshold matter, the Complaint is deficient, because in violation of Rule 8(a)(3), it fails to include the required demand for the relief sought. This, however, is a defect that could be rectified with amendment. In addition, the Complaint has been brought in the wrong venue, given that the sole Defendant is New York State and the matters about which Plaintiff sues all occurred in the State of New York. Accordingly, venue for this action does not lie in the Central District of California. *See* 28 U.S.C. § 1391(b). The improper venue defect could be remedied by transferring this action to the Southern District of New York. The Complaint, however, also suffers from a host of more fundamental defects that cannot be remedied with amendment. As a result, the Court believes that the *sua sponte* dismissal of this action, without prejudice, is warranted, for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07198-CJC (GJS) | Date | September 3, 2019 |
|---|---|---|---|
| Title | Paul Lehrman v. New York State | | |

the reasons set forth below. *See Clark v. Busey,* 959 F.2d 808, 812 (9th Cir. 1992) ("Transfer is also improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case.").

First, and critically, the Complaint fails to state a viable Section 1983 claim, because it does not, and cannot, state a violation of a federal right. Section 1983 only provides a remedy when someone had been deprived "of any rights, privileges, or immunities secured by the Constitution and laws." Section 1983 requires a violation of *federal* constitutional or statutory rights caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418-20 (9th Cir. 1991). A violation of a state constitutional right alone "does not establish a basis for a § 1983 lawsuit." *Armstrong v. Asselin*, 734 F.3d 984, 989 (9th Cir. 2013). Nor does the violation of state statutory or tort law alone. *See, e.g. DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 202-03 (1989); *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (rejecting "the notion that all common-law duties owed by government actors were somehow constitutionalized by the Fourteenth Amendment"). Plaintiff complains that the State of New York somehow caused his "right to a habitable dwelling" to be violated in connection with the food spoilage situation in his apartment. Any such "right," however, is one of landlord-tenant law under *state* law; it does not implicate any federal statutory or constitutional right. *See, e.g., Mattingly v. Elias*, 325 F. Supp. 1374, 1383 (E.D. Pa. 1971) (violation of warranty of habitability "does not constitute a denial of any of the 'rights, privileges or immunities' secured by the Constitution of the United States as provided by 42 U.S.C. § 1983"; dismissing Section 1983 claim brought by tenants on this basis). Plaintiff's Section 1983 claim necessarily fails at the most basic level, namely, for lack of a deprivation of a federal right.

Second, the State of New York is not a "person" who can be sued under Section 1983. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 64 (1989) (a state is not a suable "person" under Section 1983). For this reason alone, the Complaint fails to state a claim upon which relief can be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07198-CJC (GJS) | Date | September 3, 2019 |
|---|---|---|---|
| Title | Paul Lehrman v. New York State | | |

Third, the Eleventh Amendment bars Plaintiff's claim against the State of New York. "States are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817, amended by, 271 F.3d 910 (9th Cir. 2001); *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 did not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The State of New York has not waived that immunity with respect to claims brought under Section 1983 in federal court. *See, e.g., Tomczyk v. New York Unified Court System*, No. 19-CV-2753 (JS)(AYS), 2019 WL 2437849, at *5 (E.D. N.Y. June 10, 2019) ("Section 1983 does not operate as a waiver of New York's Eleventh Amendment immunity"); *Cater v. New York*, 316 F. Supp. 3d 660, 667 (S.D. N.Y. 2018) ("it is undisputed that the State of New York has not given its consent, nor did Congress make an express waiver or carve-out of immunity with respect to the claims Plaintiff raises under 42 U.S.C §§ 1983, 1985, or 1986. As a result, such claims are barred, and must be dismissed.").

In sum, there are three reasons why the Complaint is not cognizable; any one of them bars Plaintiff's claim as a matter of law. "Rule 12(b)(6) [of the Federal Rules of Civil Procedure] authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' . . ., a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* (citation omitted). Under Rule 12(b)(6), a court may dismiss a claim sua sponte for failure to state a claim when the plaintiff "cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (reaffirming this rule); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (a district court may, on its own initiative, dismissal complaint for failure to state a claim). A court may do so even when the defendant has not appeared and sought dismissal. *Id.; Ricotta v. State of California*, 4 F. Supp. 2d 961, 968 (S.D. Cal. 1998), aff'd 173 F.3d 861 (9th Cir. 1999).

In general, before sua sponte dismissing a claim under Rule 12(b)(6), a court must give

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-07198-CJC (GJS) | Date | September 3, 2019 |
|---|---|---|---|
| Title | Paul Lehrman v. New York State | | |

notice of its intention to do so and provide the plaintiff with an opportunity to oppose such a dismissal in writing. *Seismic Reservoir*, 785 F.3d at 335. This is not required, however, when amendment would be futile, *Omar*, 813 F.2d at 991 (a sua sponte "dismissal may be made without notice where the claimant cannot possibly win relief"). Although the Court believes that amendment likely would be futile here, the Court nonetheless provides notice to Plaintiff of the Court's intent to recommend dismissal and to afford Plaintiff an opportunity to respond.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed. On or before September 24, 2019, Plaintiff shall file a Response to this Order setting forth the reasons, if any, why this action should not be dismissed pursuant to Rule 12(b)(6), based on the matters set forth above. In particular, if Plaintiff believes there are amendments to his Complaint that would render it cognizable, he should set them forth clearly and explain why they would render his claim viable in federal court.

*Plaintiff is cautioned that the failure to comply with this Order will cause the Court to presume that Plaintiff concedes dismissal is appropriate for the above reasons.*

**IT IS SO ORDERED.**